UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRANDON STRICKLAND                                           CIVIL ACTION

VERSUS                                                       NUMBER: 14-1785

STATE OF LOUISIANA, ET AL.                                   SECTION: "I"(5)

**REPORT AND RECOMMENDATION**

On August 5, 2014, *pro se* Plaintiff, Brandon Strickland, tendered to the Court for filing the above-captioned civil rights complaint pursuant to 42 U.S.C. §1983. (Rec. doc. 1, pp. 1, 7). Plaintiff, a resident of Slidell who was previously confined at the Rayburn Correctional Center in Angie, Louisiana, complained of the use of excessive force and the bringing of false charges against him as well as a vague double jeopardy claim resulting from his re-arrest. (*Id.* at pp. 7-8).

Plaintiff's request to file this matter *in forma pauperis* ("IFP") was granted by the Court on August 13, 2014. (Rec. doc. 4). Because Plaintiff was not incarcerated, summonses were subsequently issued by the Clerk's Office and were forwarded to him along with an instructional letter ("pauper letter") advising him that the U.S. Marshal was available to effect service on his behalf under Rule 4(c)(3), Fed. R. Civ. P., upon being furnished with the necessary paperwork. (Rec. doc. 5). In accordance with Local Rule 16.2, after over 120 days had passed since this lawsuit was filed and a review of the record revealed that no service returns or waivers of service had been filed herein indicating that service had been properly made on the named Defendants, Plaintiff was ordered to show

cause, in writing and on or before January 9, 2015, as to why his lawsuit should not be dismissed for failure to prosecute. (Rec. doc. 6). The copy of the show cause order that was mailed to Plaintiff at his address of record has not been returned as undeliverable. Unfortunately, no response to the show cause order has been forthcoming from Plaintiff and proof of service is still absent from the record despite the fact that this case has been pending for more than five months.

Rule 4(m), Fed. R. Civ. P., provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court on motion or on its own initiative after notice to the plaintiff must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The jurisprudence has to come to expect strict compliance with the service rules within the 120-day period prescribed by Rule 4(m) and its predecessor. *See, e.g., Lambert v. United States*, 44 F.3d 296 (5th Cir. 1995); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993); *McGinnis v. Shalala*, 2 F.3d 548 (5th Cir. 1993), *cert. denied*, 510 U.S. 1191, 114 S.Ct. 1293 (1994); *Trania v. United States*, 911 F.2d 1155 (5th Cir. 1990).

It has now been over five months since this lawsuit was filed and still there is no proof of service on the named Defendants in the record. By scheduling the rule to show cause, the Court had hoped to bring this deficiency to the attention of Plaintiff and to impress upon him the need to prosecute his case. Unfortunately, Plaintiff has filed nothing in response to the Court's show-cause order and no further activity has taken place in this case. As Plaintiff is proceeding *pro se* in this matter, these failures are attributable to him

alone. Accordingly, it will be recommended that Plaintiff's suit be dismissed without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 14th day of January, 2015.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

3